SUMMARY ORDER

Lin Zhu, a native and citizen of the People’s Republic of China, seeks review of an August 19, 2008 order of the BIA, which: (1) reiterated the bases for its denial of her application for asylum and withholding of removal; (2) affirmed the January 19, 2007 decision of Immigration Judge (“IJ”) George T. Chew denying her application for relief under the Convention Against Torture (“CAT”); and (3) denied her motion to remand. In re Lin Zhu, No. A078 691 869 (B.I.A. Aug. 19, 2008), aff'g No. A078 691 869 (Immig. Ct. N.Y. City Jan. 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
A. Scope of Review
Zhu filed a petition for review from the BIA’s August 2008 decision, in which it: (1) reiterated the basis for its May 2006 decision finding Zhu not eligible for asylum and withholding of removal and denying her motion to remand; and (2) affirmed the IJ’s denial of her application for CAT relief. The parties treat the instant petition for review as if it encompasses both the BIA’s May 2006 and August 2008 decisions. Ordinarily we treat each petition for review as challenging only the BIA decision from which it was' timely filed. See Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). However, as the government contends, where the BIA’s May 2006 order remanded for the IJ’s consideration of an issue that would later be subject to our review— Zhu’s application for CAT relief — see 8 U.S.C. § 1252(a)(4), that order was not final. Rather, the BIA’s August 2008 order, summarizing its May 2006 order and affirming the IJ’s denial of Zhu’s appliea *835 tion for CAT relief, constituted the agency’s final order of removal. Cf. Alibasic v. Mukasey, 547 F.3d 78, 82-84 (2d Cir.2008) (reasoning that where the only issue on remand to the IJ is a subsidiary determination that could not be the subject of a later petition for review, the BIA’s order denying the applicant relief from removal and remanding constitutes a final order of removal). In reviewing the BIA’s August 2008 final order of removal, we treat that order as incorporating by reference its May 2006 order. See 8 U.S.C. § 1252(b)(9); see also INS v. St. Cyr, 533 U.S. 289, 313, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (referring to 8 U.S.C. § 1252(b)(9) as a “zipper clause” that provides for consolidation in one action in the court of appeals of questions of law and fact arising in removal proceedings); see also id. at 298, 121 S.Ct. 2271 (recognizing a “strong presumption in favor of judicial review of administrative action”).
B. Asylum, Withholding of Removal, and CAT Relief
When, as with Zhu’s application for CAT relief, the BIA agrees with the IJ’s conclusion and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both the BIA’s and IJ’s opinions. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).

1. Family Planning Policy

Substantial evidence supports the agency’s finding that Zhu failed to satisfy her burden of proof as to her application for asylum, withholding of removal, and CAT relief based on her claim of a well-founded fear of involuntary intrauterine device (“IUD”) insertion. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); cf. Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006) (recognizing that “torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.”). Indeed, Zhu did not express any such fear in her application for asylum or in her testimony before the IJ.

2. Illegal Departure

Because Zhu does not challenge the IJ’s denial of her application for CAT relief insofar as it was based on her alleged illegal departure from China, we find any such argument abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
B. Motion to Remand
We review the BIA’s denial of a motion to remand for abuse of discretion. Li Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 157 (2d Cir.2005). A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. Id. at 156. The movant’s failure to submit previously unavailable material evidence or to establish a prima facie case for the underlying substantive relief sought are proper grounds on which the BIA may deny such a motion. See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
Zhu argues that the BIA abused its discretion in denying her motion to remand for failure to present new evidence where her motion was based on the “change in law” announced in Shou Yung Guo v. Gonzales, 463 F.3d 109 (2d Cir.2006). However, we did not announce a change in law in Shou Yung Guo, finding only that the BIA abused its discretion by failing to consider “self-evidently material” evidence. Id. at 115. Moreover, in sup *836 port of her motion, Zhu did not submit the documents at issue in Shou Yung Guo or any other evidence demonstrating that similarly situated individuals are subjected to forced sterilizations, see Jian Hui Shao v. Mukasey, 546 F.3d 138, 160-61 (2d Cir.2008), and we will not remand for the BIA to consider evidence that was not in the administrative record, see Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir.2007). Therefore, the BIA reasonably denied Zhu’s motion to remand. See Abudu, 485 U.S. at 104-05, 108 S.Ct. 904.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).